UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Scott Kimball</u>,

    Plaintiff

v.                                                        Civil No. 1:08-cv-154-JM

<u>Bonk Air Transport, Inc.</u>

    Defendant

## COMPLAINT

Plaintiff, Scott Kimball, brings this action for overtime wages, liquidated damages and attorneys' fees pursuant to the Federal Fair Labor Standards Act ("FLSA"), 29 USC §201 *et seq*, as set forth below.

## PARTIES

1.     Plaintiff Scott Kimball is a citizen of New Hampshire with a mailing address at 76 Rhode Island Ave., Manchester, NH 03104.

2.     Defendant Bonk Air Transportation, Inc. is New Hampshire domestic corporation with a principle office and mailing address at 25 Diane Drive, Belmont, NH 03220 (registered agent Herbert M. Bonk).

## JURISDICTION AND VENUE

3.     Jurisdiction is conferred on this Court by 29 USC §216 and 28 USC §1331.

4.     Venue is properly in this jurisdiction as Bonk Air Transport, Inc. has at all relevant times, and continuing through the date of this complaint, done substantial business in New Hampshire.

## FACTUAL ALLEGATIONS

5. At all relevant times, defendant Bonk Air Transport, Inc., was an employer within the definition of the Fair Labor Standards Act of 1938 §3, 29 USC §203 and plaintiff was at all relevant times an employee within the definition of that federal statute.

6. At all relevant times, Bonk Air Transport, Inc. has been engaged in commerce within the meaning of the FLSA.

7. At all relevant times, Bonk Air Transport, Inc. employed Scott Kimball for the purpose of facilitating the shipment of goods and freight in interstate commerce.

8. Bonk Air Transport, Inc., a subcontractor for DHL transportation, employed Mr. Kimball as a trucker, driving routes from the DHL facility in Londonderry, New Hampshire, beginning in June 2005.

9. Regardless of the number of hours worked, Mr. Kimball was paid $120 per day. Most often, Mr. Kimball worked five days a week, though there were weeks when he would work 6 days.

10. Although treated as a salaried employee, Mr. Kimball was, in fact, not properly exempted from the overtime provisions of the FLSA.

11. It was common for Mr. Kimball to work as many as 12 or 13 hours during a day, and 60 to 70 hours during a week.

12. During the period of his employment with Bonk Air Transport, Inc., Mr. Kimball performed overtime work for which no additional compensation was paid to him, in violation of the provisions of the FLSA. In accordance with the FLSA, Bonk Air Transport, Inc. is obligated to make payment to Mr. Kimball for overtime in excess of 40 hours each week, plus an additional amount as liquidated damages, together with an additional sum for costs and reasonable attorneys' fees. 29 USC §216(b).

13. Bonk Air Transport, Inc.'s failure to pay overtime was willful, and therefore, subject to a three-year limitation period. 29 USC §255(a).

WHEREFORE, Plaintiff Scott Kimball demands judgment against Bonk Air Transport, Inc. for all overtime owed, together with interest, liquidated damages, costs and attorneys' fees.

Respectfully submitted,

Scott Kimball

By His Attorneys,

NIXON, RAICHE, VOGELMAN, BARRY & SLAWSKY, P.A.

April 15, 2008   By:   /s/ David P. Slawsky
David P. Slawsky, NH Bar #6591
77 Central Street
Manchester, NH 03101
(603) 669-7070